UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abner E. R. R., | No. 26-cv-482 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| David Easterwood, et al, | |
| Respondents. | |

This matter is before the Court on Abner E. R. R.'s (hereafter "Abner R." or "Petitioner") Petition for a Writ of Habeas Corpus. [ECF 1] For the reasons set forth below, the Court grants the habeas petition.

## Background

Abner R. is a citizen of Honduras. He entered the United States in July 2022 as an unaccompanied alien child. The government issued Abner R. a Notice to Appear charging him with being "an alien present in the United States without being admitted or paroled," and then released him to be handled by the Office of Refugee Resettlement under the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008. PL 110-457 (2008) (TVPRA). He has lived here continuously since then . In August 2024, USCIS approved Abner R. for Special Immigrant Juvenile Status and granted him deferred action for four years. He is currently in removal proceedings under 8 U.S.C. § 1229a and is not subject to a final order of removal.

On January 20, 2026, Petitioner was arrested by immigration officials here in the District of Minnesota. There is no evidence that he was the subject of a judicial or administrative warrant, and he has not been afforded a bond hearing. Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and they point to no other statutory or legal basis for his detention.

## Analysis

A court can issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision – which mandates detention – does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have addressed the issue, and by many courts in this district. The Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government also points out that the underlying legal issue is pending before the Eighth Circuit and that it wishes to preserve its position for appeal.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Abner R. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court further concludes that immediate release is the appropriate remedy. Although Respondents do not argue that § 1226(a) and its bond hearing are alternatively applicable in this case, they have done so recently in similar cases. But, as U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). The Court agrees with the reasoning of these cases. Respondents point to neither a warrant supporting treatment under § 1226(a), nor any other statutory basis for a bond hearing, so immediate release is required.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus [ECF 1] is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Abner R. Because the Court previously ordered Abner R. not to be transferred out of the District of Minnesota, and to be returned to the District if he had already been moved, the Court assumes that he will be promptly released in Minnesota.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner was removed from the District and has not been returned as previously ordered, Respondents should immediately notify the Court of when he will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 23, 2026                         <u>s/Katherine M. Menendez</u>
                                               Katherine M. Menendez
                                               United States District Judge